UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DANIEL AGUILAR,**
    **Petitioner,**

  v.                Case No. 05C1269

**PHIL KINGSTON,**
    **Respondent.**

## ORDER

On December 7, 2005, petitioner Daniel Aguilar filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Subsequently, I ordered respondent to file an answer and set forth a briefing schedule. Petitioner now moves for default judgment against respondent arguing that respondent missed a filing deadline by three days.

"A default judgment, without full inquiry into the facts, is especially rare when entered against a custodian in a habeas corpus proceeding." Ruiz v. Cady, 660 F.2d 337, 340 (7th Cir. 1981). This is so because such judgments may conflict with the public's right to protection. Id. Although granting a default judgment in a habeas corpus proceeding is an extreme remedy, the Seventh Circuit permits a trial court to employ it as a sanction against a respondent's unwarranted delay. Delays that are both long and inadequately explained are presumed to be unwarranted. Id.

In the present case, respondent filed a motion for an extension of time, seeking to file his opposition brief on or before March 30, 2006. I granted his motion. Respondent filed his opposition brief on March 30, 2006. Thus, respondent's opposition brief is timely and default judgment is inappropriate. Petitioner's argument that respondent should have

filed his opposition brief forty-five days after the filing of his answer–on or before March 27, 2006– has no merit as respondent clearly asked for an extension until March 30, 2006. (See Resp't's M. for Enlargement of Time at 3.)

Moreover, even if respondent missed the deadline, he did so by only three days. Given the strong policy reasons against granting a default judgment for the petitioner in a habeas corpus proceeding, I conclude that a three-day delay does not warrant the extreme remedy of granting a default judgment. See Ruiz, 660 F.2d at 340 (noting that only long delays provide a basis for granting default judgment in a habeas proceeding).

Accordingly,

**IT IS ORDERED** that petitioner's motions for default judgment (Docket # 10, Docket # 16) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 1 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge